UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAKE C. WENZEL,

               Plaintiff,

          v.                                  Case No. 26-CV-376

JOHN DOES,

               Defendants.

## SCREENING ORDER

Plaintiff Jake C. Wenzel, who is currently housed at the Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $103.00. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On November 18, 2025, Racine County Sheriff's Department Deputies attempted to arrest Plaintiff based on an active warrant. Plaintiff attempted to evade law enforcement by driving his car into a ditch near a field, exiting his car, and running. Plaintiff heard a deputy say, "Get on your hands and knees and lay face down or you will be bit by the K-9." Plaintiff laid on his stomach, facing away from the deputies with his hands and feet slightly elevated so that they were accessible. (Compl. at 2, ECF No. 1.)

Even though Plaintiff laid on the ground, a deputy released two K-9s. One attacked Plaintiff's right arm and the other attacked his right ankle. When the deputies approached Plaintiff, Plaintiff told them that he was not resisting and to get the dogs off of him. The deputies released the K-9 from Plaintiff's right arm, but they did not release the other K-9 from Plaintiff's ankle until approximately 12 to 25 seconds after Plaintiff was handcuffed. The deputies brought Plaintiff to his feet, but Plaintiff was unable to walk due to his ankle injury. The deputies dragged Plaintiff to the ambulance. Plaintiff was transported to the Aurora Medical Center. Plaintiff was hospitalized for three days, had surgery on his ankle, and was diagnosed with permanent nerve damage. Plaintiff seeks monetary damages. *Id.*

3

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that the sheriff's deputies used excessive force against him. "A claim that a law enforcement officer used excessive force during a stop or arrest is 'analyzed under the Fourth Amendment.'" *Barnes v. Felix*, 605 U.S. 73, 79 (2025) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that police officers used force that was objectively unreasonable. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861–62 (7th Cir. 2010). The reasonableness of an officer's conduct is determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). Plaintiff asserts that the deputies deployed two K-9s during his arrest even though he was lying on the ground and not actively resisting the arrest. He alleges that he suffered an ankle injury that required surgery and that he has permanent nerve damage. Based on these allegations, Plaintiff may proceed on a Fourth Amendment excessive force claim against the John Doe sheriff's deputies.

Plaintiff also seeks to bring a failure to intervene claim. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d

4

491, 495 (7th Cir. 2000) (citation omitted).  At this stage in the proceedings, Plaintiff may proceed on a failure to intervene claim against the John Doe sheriff's deputies.

Because Plaintiff does not know the sheriff's deputies' names, the Court will add Racine County Sheriff Christopher Schmaling as a defendant for the limited purpose of helping Plaintiff identify the sheriff's deputies.  *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).  Sheriff Schmaling does not have to respond to the complaint.  After Sheriff Schmaling's attorney files an appearance in this case, Plaintiff may serve discovery requests upon Sheriff Schmaling (by mailing the requests to his attorney at the address in the notice of appearance) to obtain information that will help him identify the sheriff's deputies.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34.  Because Plaintiff does not state a claim against Sheriff Schmaling, Plaintiff's discovery requests must be limited to information or documents that will help him learn the sheriff's deputies' names.  Plaintiff may not ask Sheriff Schmaling about any other topic, and Sheriff Schmaling is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the sheriff's deputies, he should file an amended complaint that identifies all defendants by name.  The Court will dismiss Sheriff Schmaling as a defendant once Plaintiff identifies the sheriff's deputies in an amended complaint.  After the sheriff's deputies have an opportunity to respond to the amended complaint, the Court will set a deadline for discovery.  During discovery, Plaintiff may serve discovery requests to obtain the information he believes he needs to prove his claim.

Plaintiff must identify the names of the John Doe Defendants within sixty days of Sheriff Schmaling's attorney filing a notice of appearance.  If he does not or does not explain to the Court

5

why he is unable to do so, the Court may dismiss this case based on Plaintiff's failure to diligently pursue it. *See* Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's unsigned motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Racine County Sheriff Christopher Schmaling shall be added as a defendant for the limited purpose of helping Plaintiff identify the name of the John Doe Defendants. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Racine County Sheriff Christopher Schmaling pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Schmaling does not have to respond to the complaint; however, he shall respond to discovery requests that Plaintiff serves in an effort to identify the John Doe Defendants' names. Sheriff Schmaling does not have to respond to discovery requests about any other topic.

6

**IT IS FURTHER ORDERED** that Plaintiff must identify the John Doe Defendants' names within 60 days of Sheriff Schmaling's attorney filing a notice of appearance. If Plaintiff does not identify the John Doe Defendants' names by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $247.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

7

125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on June 30, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

8