UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAKE C. WENZEL,

Plaintiff,

v. Case No. 26-CV-376

WILLIAM ZIMMERMAN,
NATHAN POELMANN,
KAMALJIT SAINI,
DEPUTY ROBBINS,
THOMAS LYLE,
EMIL ORTIZ,
AUSTIN ISFERDING,
JOSEPH ARNDT, and
BRADY WINGER,

Defendants.

---

# SCREENING ORDER

---

Plaintiff Jake C. Wenzel, who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court to screen Plaintiff's amended complaint.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With

this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

On November 18, 2025, Racine County Sheriff's Department Deputies attempted to arrest Plaintiff on an active warrant. Plaintiff attempted to evade law enforcement by driving his car into a ditch near a field, exiting his car, and running. Plaintiff heard a deputy say, "Get on your hands and knees and lay face down or you will be bit by the K-9." Plaintiff laid on his stomach, facing away from the deputies with his hands and feet slightly elevated so that they were accessible. (ECF No. 28 at 2.)

Even though Plaintiff was on the ground, Deputies William Zimmerman and Nathan Poelmann released two K-9s. One attacked Plaintiff's right arm and the other attacked his right ankle. When the deputies approached Plaintiff, Plaintiff told them that he was not resisting and to get the dogs off of him. The deputies released the K-9 from Plaintiff's right arm, but they did not release the other K-9 from Plaintiff's ankle until approximately 12 to 25 seconds after Plaintiff was handcuffed. The deputies brought Plaintiff to his feet, but Plaintiff was unable to walk to the squad car due to his ankle injury. Deputies Kamaljit Saini, Robbins, Thomas Lyle, Emil Ortiz, Austin Isferding, Joseph Arndt, and Brady Winger dragged Plaintiff to the ambulance. (*Id.*)

Plaintiff was transported to the Aurora Medical Center. He was hospitalized for three days, had surgery on his ankle, and was diagnosed with permanent nerve damage. Plaintiff was then taken into custody by the Kenosha County Sheriff's Department and transferred to the Kenosha County Jail. Plaintiff seeks monetary damages. (*Id.*)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that the deputies used excessive force against him. "A claim that a law enforcement officer used excessive force during a stop or arrest is 'analyzed under the Fourth Amendment.'" *Barnes v. Felix*, 605 U.S. 73, 79 (2025) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that police officers used force that was objectively unreasonable. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861–62 (7th Cir. 2010). The reasonableness of an officer's conduct is determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396).

Plaintiff asserts that Deputies Zimmerman and Poelmann deployed two K-9s during his arrest even though he was laying on the ground and not actively resisting the arrest. He alleges that he suffered an ankle injury that required surgery and that he has permanent nerve damage. Plaintiff also asserts that Deputies Saini, Robbins, Lyle, Ortiz, Isferding, Arndt, and Winger used excessive force when they dragged him to an ambulance when he was unable to walk. Based on these allegations, Plaintiff may proceed on a Fourth Amendment excessive force claim against Deputies Zimmerman, Poelmann, Saini, Robbins, Lyle, Ortiz, Isferding, Arndt, and Winger.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon William Zimmerman, Nathan Poelmann, Kamaljit Saini, Deputy Robbins, Thomas Lyle, Emil Ortiz, Austin Isferding, Joseph Arndt, and Brady Winger

pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge